903 So.2d 1015 (2005)
STATE of Florida, Appellant,
v.
Pamela Richards RATTRAY, William Rex Holland, Mary Ann Hargreaves, Julie Davis, Gary Davis, Paul Quimby, Elaine C. Green, Patricia R. Thomas, Stan Snodgress and Betty Drawdy, Appellees.
No. 4D04-1602.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
*1016 Bruce H. Colton, State Attorney, Nikki Robinson and Lynn D. Sloan, Assistant State Attorneys, Vero Beach, for appellant.
Michael J. Kessler of Michael J. Kessler, P.A., Fort Pierce, for appellee Pamela Richards Rattray.
HAZOURI, J.
This case involves the seizure of medical records pursuant to a search warrant. Members of the Indian River County Sheriff's Office obtained and executed a search warrant to seize the medical records of sixteen patients of Dr. Charles F. Rattray.[1]
Dr. Rattray, a local doctor in the Indian River County area, became the subject of an investigation after several suicides and overdoses were linked to his prescriptions of controlled substances. The medical records of sixteen patients were sought after an examination of local pharmacies indicated an extraordinarily large amount of controlled substances were prescribed by Dr. Rattray to these patients. After the medical records were seized, they were sealed and placed in evidence at the Indian River County Sheriff's Office Evidence Division pending further order of the court. Within days of their seizure, notices were either personally served upon or mailed by return receipt to each patient. The notices stated that the State was providing notice pursuant to sections 395.3025 and 456.057, Florida Statutes (2004). The State Attorney's Office received ten objections from the sixteen patients served with the notices.
The trial court[2] of Indian River County conducted a hearing on March 22, 2004. At the hearing, the State presented the testimony of Detective Bill Starr and Detective Jim Hyde. The detectives testified that the investigation of Dr. Rattray could not move forward until the seized medical records were unsealed, reviewed, and evaluated by a medical doctor. The detectives' testimony outlined the probable cause used to obtain the search warrant. The respondents argued that the state could not use a search warrant to obtain medical records, and that section 395.3025(4)(d)[3] provided the only method for obtaining medical records from a practitioner. At the hearing, the state contended that a search warrant was the only practical method of obtaining the medical records. The state argued that if they relied on a subpoena it would *1017 allow control of the items sought to be left in the hands of the person who was the object of the investigation.
The trial court ruled that the state was not permitted to use a search warrant to seize and seal medical records in the custody of a practitioner who was the subject of a criminal investigation. The court found that section 395.3025 provided the exclusive method a law enforcement agency must use to obtain a patient's medical records. The trial court granted the request of the ten patients who objected and their records were suppressed while the records of the six patients who did not object were not suppressed. At the conclusion of the hearing, the trial court ordered that the medical records be submitted to the clerk of the circuit court for safekeeping during the pendency of any appeal. For the reasons set forth below, we quash the trial court's order.
The question which is presented to this court is whether a subpoena as mentioned in sections 395.3025(4)(d) and 456.057(5)(a)[4] is the only mechanism for obtaining disclosure of medical records when all the safeguards of sections 395.3025 and 456.057 are met.
The legal issue in the instant case is similar to that resolved by this court in the recent decision of Limbaugh v. State, 887 So.2d 387 (Fla. 4th DCA 2004). In Limbaugh, this court held "that the constitutional right of privacy in medical records is not implicated by the State's seizure and review of medical records under a valid search warrant without prior notice or hearing." Limbaugh, 887 So.2d at 398. This court denied rehearing in Limbaugh,[5] but certified the following question to the Florida Supreme Court: "Do §§ 395.3025(4) and 456.057(5)(a) bar the State from obtaining a search warrant to seize and inspect a patient's medical records without providing the patient notice and a prior hearing to oppose the seizure and inspection?" Id. at 402.
This case is factually similar to Limbaugh with one exception. The individual under investigation in the instant case is the doctor from whom the records were seized, not the patient, as was the case in Limbaugh. Although Limbaugh resolves the issue that sections 395.3025 and 456.057 are not the exclusive method that a law enforcement agency must use to obtain a patient's medical records in conducting a criminal investigation, it is not dispositive of the right of privacy implication in obtaining the medical records of innocent third parties. We find our decision in State v. Viatical Services, Inc., 741 So.2d 560 (Fla. 4th DCA 1999), to be more applicable to the facts of the instant case and, therefore, dispositive.
In Viatical, a corporate defendant asserted the rights of its insureds whose medical records were sought via a warrant. *1018 Viatical Services, Inc., 741 So.2d at 562. This court in Viatical granted the state's writ and remanded the case with instructions that the warrant be entered on the condition that the insured's medical records be sealed until a post seizure hearing could be held on the issue of the right to privacy. Id. at 564. This court in Viatical did not directly address whether the insureds had a privacy right in the medical records sought where the records were an essential part of a commercial transaction which was reviewed by a variety of persons.[6]Id. Yet, this court required that the post-seizure procedure be implemented on remand in an effort to balance any privacy right implicated with the state's need to conduct a criminal investigation. Id. at 563-64.
The Viatical decision was discussed in Limbaugh. See Limbaugh, 887 So.2d at 395-96. In its discussion of Viatical, this court noted that the procedures discussed in Viatical for post-seizure protection of privacy interests in medical records, the sealing of such documents pending notification and an opportunity to be heard, were followed in relation to Limbaugh's records, but were not necessary where there was no concern about protecting innocent third parties. See Id. at 396. This court stated:
In Viatical, we stated that when there are privacy rights which merit protection, the court must fashion a remedy to protect them. In [Viatical], however, we were concerned about protecting the privacy rights of innocent third parties. Here, petitioner is the target of the criminal investigation, not a third party not implicated in the crimes under investigation.
Id. This court stated that where the person asserting the right was also under criminal investigation, any balance regarding his rights was already reached in the issuing of the warrant. Id. It appears from Viatical and this court's discussion of Viatical in Limbaugh that there is a distinction in the procedures to be followed depending on whether the individual whose rights are implicated is also the individual under criminal investigation.
The privacy right implicated in the instant case is clearer than that present in Viatical where the records were seized from a doctor's office and there is no indication that these medical records were shared with individuals other than those necessary to obtain medical care. In addition, in the instant case, it is the patients themselves asserting such right, not a third party such as in Viatical. While the implication of a privacy right is clearer in the instant case than in Viatical, the question is not whether a privacy right is implicated, but rather whether a proper balance can be struck between any concern about protecting the privacy rights of innocent third parties and the state's ability to proceed with a criminal investigation.
Any privacy right implicated in the instant case must be weighed against the procedure used by the state to protect such right. The procedures discussed in Viatical and used by the state in Limbaugh were utilized in obtaining the medical records at issue. The patients whose privacy rights were implicated were provided notice, either by mail or personal *1019 service, and then were given an opportunity to be heard while their records remained sealed post seizure. The search warrant in the instant case required that the medical records seized be sealed pending notice to the patients and further order of the court. Therefore, we reverse the trial court's suppression of the ten patients' medical records and remand for a hearing to determine if the records previously suppressed are relevant to the criminal investigation of Dr. Rattray.
Reversed and Remanded.
MAY, J., and BLANC, PETER D., Associate Judge, concur.
NOTES
[1] Dr. Charles F. Rattray is the individual under criminal investigation, but not a party to this appeal.
[2] The trial judge that conducted the hearing was the same judge who issued the search warrant.
[3] Section 395.3025(4), Florida Statutes provides:

Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
[4] Section 456.057(5)(a), Florida Statutes provides:

Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization ...
3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records.
[5] We stayed the outcome of this case pending the outcome of the appeal of Limbaugh. The Florida Supreme Court declined to exercise jurisdiction and denied the petition for review. See Limbaugh v. State, SC04-2219 (Fla. Apr. 28, 2005). Therefore, our decision in Limbaugh is final.
[6] Specifically this court stated:

While we do not decide the issue because the insureds are not represented in this action, we question whether a right of privacy in one's medical records exists where that person's medical condition has become an essential condition of a commercial transaction, at least with respect to those persons involved in the transaction and those entities who may be charged with monitoring such transactions.
Viatical, 741 So.2d at 564.